## ROBERT J. CHEVETTE *v.* U-HAUL COMPANY OF NEW MEXICO ET AL.
### (3935)

DUPONT, C. J., DALY and BIELUCH, Js.

Argued March 21—decision released June 10, 1986

*Roy W. Moss,* for the appellant (plaintiff).

*Robert B. McLaughlin,* for the appellees (defendants).

DUPONT, C. J. The dispositive issue in this case is whether the trial court erred in dismissing this action

because the plaintiff failed to allege in his complaint facts sufficient to establish personal jurisdiction over the defendants.

The complaint alleged that the plaintiff entered into an agreement in New Mexico, whereby he rented a truck from the defendant U-Haul Company of New Mexico (U-Haul), a New Mexico corporation. The agreement provided that the truck was to be returned to U-Haul in Connecticut. Other allegations of the complaint were that the contract contained a "memorandum of insurance" which provided insurance coverage through the defendant Old Republic Insurance Company (Old Republic), a Pennsylvania corporation, for medical expenses and property damage. The complaint further alleged that the plaintiff, while operating the rented truck, was involved in a collision in Delaware in which he was injured and the cargo in the truck was damaged. After the accident, the plaintiff filed a claim under the insurance provision of the rental agreement, but payment was never made on his claim, although he fulfilled all of the requirements for submitting the claim.

The plaintiff brought this action in two counts, one against U-Haul for breach of contract for failing to honor his insurance claim, and the other against Old Republic for "willfully, recklessly and in bad faith" failing to pay that claim. The defendants jointly moved to dismiss the action for lack of personal jurisdiction. The trial court granted this motion, finding that the plaintiff failed to set forth facts in his complaint sufficient to bring either U-Haul or Old Republic within its jurisdiction. Specifically, the court held that, in the absence of allegations that Old Republic did business within this state, that it had appointed the insurance commissioner as its agent for service and that the plaintiff had duly served process on the commissioner, there could be no jurisdiction over it, in accordance with General Statutes § 38-23. It further held that there could be no juris-

diction over U-Haul pursuant to General Statutes § 33-411 (c) (1) because the plaintiff had not alleged that his contract with U-Haul was executed in Connecticut or was to be performed in this state. The trial court also held that the defendants were not required to answer the plaintiff's request for admissions pending its decision on whether the defendants were subject to the court's jurisdiction. The plaintiff's position is, essentially, that any failure to allege jurisdictional facts in his complaint would have been cured if the matters contained in his requests for admission were taken as true.

The plaintiff appeals from the judgment of dismissal, claiming that the trial court erred (1) in holding that it lacked personal jurisdiction over Old Republic, (2) in holding that it lacked personal jurisdiction over U-Haul, and (3) in refusing to consider the factual matters in his request for admissions to which neither defendant ever responded.

The writ, summons and complaint, the sheriff's return of service and the plaintiff's request for admissions of facts were before the court when it granted the defendants' motion to dismiss. The return of service indicated that copies of the original writ, summons and complaint as to Old Republic had been left with the insurance commissioner of the state and that the commissioner was the duly authorized agent and attorney to accept service for it. The return further stated that copies of the original writ, summons, and complaint had been left with the secretary of state as the duly authorized agent and attorney for service upon U-Haul.

Among the facts which the plaintiff requested that the defendants admit were the following: (1) that Old Republic was duly authorized and/or licensed to do business in Connecticut; (2) that Old Republic offered insurance coverage for renters and/or clients of U-Haul; and

(3) that U-Haul knew or had reason to believe that the plaintiff intended to drive the rented vehicle to Connecticut. Appended to the request was a copy of the printed U-Haul rental agreement which had been executed by the plaintiff and U-Haul.[1] The plaintiff requested, with regard to the agreement, that the defendants admit that the agreement was a copy of the rental contract which he entered into with U-Haul and that Old Republic agreed to provide insurance coverage to him pursuant to that agreement. The defendants never objected or responded to the request for admissions.

In its memorandum of decision granting the motion to dismiss, the trial court stated that the plaintiff bore the burden of alleging facts necessary to establish jurisdiction. It found, however, that the defendants were not required to answer the plaintiff's discovery request until the question of its jurisdiction was resolved, and dismissed the action solely on the basis of the allegations of the complaint. The plaintiff argues that the factual matters contained in the request are deemed admitted under Practice Book § 239[2] and should have been considered by the trial court.

Through his request for admissions, the plaintiff sought to establish that our long-arm statute, General Statutes § 33-411, conferred jurisdiction over U-Haul because the one-way rental contract with the plaintiff was to be at least partially performed in Connecticut

---

[1] Although the complaint stated that a copy of the rental agreement was annexed thereto as an exhibit, it was not.

[2] Practice Book § 239 provides in part: "Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty days after the filing of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney."

since the vehicle was to be returned to U-Haul's agent in Bridgeport, and therefore that U-Haul knew or had reason to believe that the plaintiff intended to drive the rented vehicle to Connecticut. He also attempted to establish that Old Republic was authorized to do business in Connecticut.

In determining whether to assert jurisdiction over a foreign corporation, a trial court must engage in a two-part inquiry. It must first decide whether, under the facts of the case, our long-arm statute authorizes the exercise of jurisdiction. It must then decide whether the assertion of jurisdiction would offend due process. *Frazer* v. *McGowan,* 198 Conn. 243, 246, 502 A.2d 905 (1986). Both prongs of this analysis require the establishment by the plaintiff of facts pertaining to jurisdiction. *Lombard Bros., Inc.* v. *General Asset Management Co.,* 190 Conn. 245, 250, 460 A.2d 481 (1983).

The familiar standard set forth in *International Shoe Co.* v. *Washington,* 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945), by which state court jurisdiction is evaluated, requires that an out of state defendant have minimum contacts with the forum state " 'such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' . . . *International Shoe Co.* v. *Washington,* supra, 316." *Standard Tallow Corporation* v. *Jowdy,* 190 Conn. 48, 52, 459 A.2d 503 (1983).

"Whether sufficient minimum contacts exist for a court to have jurisdiction is clearly dependent on the facts of each particular case. 'Like any standard that requires a determination of "reasonableness," the "minimum contacts" test of *International Shoe* is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite "affiliating circumstances" are present.

*Hanson* v. *Denckla,* 357 U.S. 235, 246 [78 S. Ct. 1228, 2 L. Ed. 2d 1283] (1958).' *Kulko* v. *California Superior Court,* 436 U.S. 84, 92, 98 S. Ct. 1690, 56 L. Ed. 2d 132, reh. denied, 438 U.S. 908, 98 S. Ct. 3127, 57 L. Ed. 2d 1150 (1978)." *Standard Tallow Corporation* v. *Jowdy,* supra.

When jurisdiction "is not clear on the face of the record because service is had under the long-arm statutes, additional facts establishing the 'minimum contacts' required by due process may need to be shown. It has not been the practice in this state to require these minimum contacts to be made a part of the allegations in the complaint." (Footnotes omitted.) *Standard Tallow Corporation* v. *Jowdy,* supra, 52–53. Discovery may thus be used to show whether a court has personal jurisdiction. Id., 57; see *Chrysler Credit Corporation* v. *Fairfield Chrysler-Plymouth, Inc.,* 180 Conn. 223, 227, 429 A.2d 478 (1980).

" 'A court must have jurisdiction to determine its own jurisdiction, especially where, as here, the defendants have by their appearance put that question into issue.' *Chrysler Credit Corporation* v. *Fairfield Chrysler-Plymouth, Inc.,* [supra]. The court may even apply sanctions for failure to obey a discovery order intended to establish or to refute jurisdiction. Id.; accord *Ins. Corporation of Ireland* v. *Compagnie des Bauxites,* 456 U.S. 694, 709, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)." *Standard Tallow Corporation* v. *Jowdy,* supra, 57 n.7.

By filing his request for admissions of facts pertaining to jurisdiction, the plaintiff was attempting to respond to the defendants' contention that the trial court lacked personal jurisdiction. "Having put the issue in question, the [defendants] did not have the option of blocking the reasonable attempt of [the plaintiff] to meet [his] burden of proof." *Ins. Corporation*

*of Ireland* v. *Compagnie des Bauxites,* supra. The failure of the defendants to answer or object to the request for admissions rendered the plaintiff unable to establish fully the extent of the defendants' contacts with Connecticut. This warrants the imposition of the sanction contained in Practice Book § 239 which deems admitted matters contained in such a request if the request is not answered or objected to within thirty days of its filing. That this sanction might establish facts resulting in a particular legal consequence, that is, personal jurisdiction, in no way affects the appropriateness of its application. Id. We conclude that the trial court erred in dismissing this action without considering the factual matters deemed admitted in the plaintiff's request.[3]

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

---

[3] Even without considering the matter contained in the request, the record reveals that the trial court had personal jurisdiction over Old Republic. The sheriff's return shows that personal service was made upon Old Republic by service upon the insurance commissioner of the state of Connecticut. This was in compliance with General Statutes § 38-23, which provides that nonresident insurance companies must, as a prerequisite to doing business in this state, appoint the insurance commissioner as their agent for service of process. The receipt of process by the commissioner and his collection of the statutory fee, coupled with the presumption that he lawfully and correctly performs his duties, allows the inference to be made that he was authorized to accept service of process as the agent of Old Republic. *Reade* v. *Indemnity Ins. Co.,* 121 Conn. 309, 311-12, 184 A. 646 (1936). Valid personal service upon the insurance commissioner pursuant to General Statutes § 38-23 established, prima facie, personal jurisdiction over Old Republic in Connecticut. Id.