[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This action is an application under section 52-410 of the General Statutes to compel the defendant, Independent Fire Insurance Company, a corporation licensed to transact insurance business in Florida, to arbitrate whether the plaintiff is entitled to recover under the underinsured and uninsured motorist provisions of an insurance policy issued to the plaintiff's father. The plaintiff, Raymond C. Johnson, Jr., claims to be an "insured" under an insurance policy issued by the defendant to the named insured, Raymond C. Johnson, Sr. The plaintiff was injured in a motor vehicle accident on September 16, 1988 in Milford when operating a motorcycle owned by his employer.
The defendant has moved to dismiss the application, alleging that there is no personal jurisdiction over the defendant and that it was not properly served under section 38-265 of the General Statutes because it does not do business in Connecticut. The defendant also questions whether it can be compelled to arbitrate in Connecticut under the terms of the policy. The defendant attached to its motion a copy of the insurance policy and an affidavit of an officer CT Page 4473 of the defendant. This affidavit states that the defendant is a Florida corporation which maintains no offices, agents or business facilities in the State of Connecticut and owns no property in the State. It further states that it is not now nor has it ever been licensed in Connecticut and does not solicit, underwrite or issue insurance policies, from Connecticut residents or Connecticut corporations, and that it has not issued any policies of insurance on risks located in the state. The insurance policy in question was issued by the defendant to Raymond C. Johnson, Sr., a Florida resident, covering two automobiles registered to him in Florida. The affidavit alleges that until the claim was made the defendant had no knowledge of the existence of the plaintiff or of any household of either the plaintiff or his father in Connecticut.
An affidavit has been filed signed by the plaintiff's father, Raymond C. Johnson, Sr., the named insured. That affidavit states that he has maintained dual residency in Florida and Connecticut since his retirement from the Milford Fire Department in June 1985 and lives part of the year at a Florida address and part of the year at an address in Milford. The two vehicles insured under the insurance policy are registered in the State of Florida. He considers himself a legal resident of both states and maintains bank accounts in both. In September 1988 and prior to that the plaintiff resided with him at both of his residences, and did not maintain a separate household.
The defendant has also filed a copy of the insurance policy in effect at the time. It lists Raymond C. Johnson, Sr. of Edgewater, Florida the named insured, and gives Florida addresses for both the defendant and its insurance agent. The only driver listed on the policy covering both vehicles is Raymond Johnson, Sr.
For purposes of the uninsured motorist coverage in the policy, the insured is defined as including any family member. The uninsured motorist portion of the policy, effective October 1987 provides in part:
"If we and an `insured' do not agree:
 1. Whether that person is legally entitled to recover damages under this Part; or
 2. As to the amount of damages; then the matter will be arbitrated. However, both parties must agree to arbitration. In this event each party will select an arbitrator. The two arbitrators will select a CT Page 4474 third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction." (emphasis added).
Parties cannot be compelled to arbitrate matters which they did not agree to arbitrate, and without a statute courts cannot compel the parties to arbitrate matters not covered by their agreement. American Universal Insurance Co. v. DelGreco, 205 Conn. 178, 185; Carroll v. Aetna Casualty 
Surety Co., 187 Conn. 16, 20. While insurance policies issued in Connecticut provide for binding arbitration in disputes over uninsured and underinsured motorists coverage, as a result of section 38-175c of the General Statutes, the policy in question was not issued in Connecticut. The fact that the plaintiff may reside part-time with his father, the named insured, in Florida, does not make the insurance policy in this case subject to the Connecticut statute. The defendant has not consented to arbitration, and cannot be compelled to arbitrate under the terms of the policy itself.
The defendant also claims that this Court does not have jurisdiction over it under any long arm statute, which in this case would be sections 33-411 (c) and 38-265 C.G.S. An insurer cannot directly or indirectly do any acts of insurance business defined in section 38-263 (a) except as authorized by the General Statutes. Section 38-264 C.G.S. Any act of doing insurance business as defined in section 38-263
(a) by an unauthorized insurer is equivalent to an irrevocable appointment of the Connecticut Insurance Commissioner for purposes of service of process. Section 38-265 C.G.S. Section 38-263 (a) lists 8 activities that are considered as doing insurance business in this State. Subsection (b) of the same statute provides exclusions, namely acts which are not considered as doing insurance business in the State, including subsection (3) "transactions, in this State, involving a policy lawfully solicited, written and delivered outside of this State covering only subjects of insurance not resident, located or expressly to be performed in this State at the time of issuance, and which transactions are subsequent to the issuance of such policy."
The plaintiff claimed at oral argument on the Motion to Dismiss that jurisdiction exists under section 33-411 (c) C.G.S., the long arm statute applying to foreign corporations in general. While no specific provision in the statute was identified, the only one that could conceivably apply is subsection (1) which subjects a foreign corporation to suit in this State by a resident of this State on any cause of action arising "out of any contract made in this State or to CT Page 4475 be performed in this State."
The burden of proof is on the plaintiff to establish facts sufficient to prove personal jurisdiction when constructive service is used. Lombard Bros., Inc. v. General Asset Management Co., 190 Conn. 245, 250; Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 54. When a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint. Barde v. Board of Trustees, 207 Conn. 59, 62. When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction. Standard Tallow Corporation v. Jowdy, supra, 54; Simeone v. Federal Press Co., 40 Conn. Sup. 173, 174. Where there is a question of fact, as in this case, a hearing is required allowing an opportunity to present evidence and cross-examine adverse witnesses. Standard Tallow Corporation v. Jowdy, supra, 56; Lampasona v. Jacobs, 7 Conn. App. 639, 642. The plaintiff had the opportunity to offer evidence, but relied upon the affidavit. The only copy of the insurance policy before the court is the copy filed by the defendant together with the affidavit on the Motion to Dismiss. While the plaintiff's brief makes various claims as to terms of the insurance policy, such statements are not evidence and cannot be considered in deciding the motion. New Haven v. Freedom of Information Commission, 205 Conn. 767, 775. The documents filed by both sides do not indicate any genuine factual dispute. The personal injury portion of the insurance policy indicates that it applies only to accidents in the State of Florida, except that it covers the named insured or a relative while occupying an insured motor vehicle anywhere in the United States and covers the named insured while occupying a motor vehicle within the United States owned by a relative. In this case the plaintiff was operating a motorcycle owned by his employer, which is not an insured motor vehicle under the policy. The plaintiff is not the named insured even though the policy provides coverage for him under some circumstances.
There are several problems with a claim of personal jurisdiction over the defendant under section 33-411 (c)(1) C.G.S. The policy is not a contract made in this State, and even though, under some circumstances, the defendant might have to defend an insured for a Connecticut accident, the policy is not a contract made to be performed in this State. Moreover, adopting the plaintiff's position that section 33-411 CT Page 4476 (c) confers jurisdiction over a foreign insurance corporation would negate the exclusion in section 38-263 (b) from acts considered doing insurance business in the State. The legislature could hardly have intended an out of state insurance company to be subject to suit under the statute for substituted service on foreign corporations, while the same acts would be exempt from section 38-265, a specific statute applying to out of state insurance companies. Specific terms in a statute covering the given subject matter will prevail over general language of the same or another statute which is general in its terms. Gaynor v. Union Trust Co., 216 Conn. 458, 476, 477.
In deciding whether there is personal jurisdiction over a foreign corporation, there is a two-part inquiry. Frazer v. McGowan, 198 Conn. 243, 246. The first inquiry is whether the applicable long arm statute authorizes the assertion of personal jurisdiction over the defendant; and if the statutory requirements are met, whether the exercise of in personam jurisdiction would violate constitutional principles of due process. Hart Nininger Campbell Associates, Inc. v. Rogers, 16 Conn. App. 619, 624; Frazer v. McGowan, supra, 246. Both prongs of this analysis require the establishment by the plaintiff of facts pertaining to jurisdiction. Lombard Bros., Inc. v. General Asset Management Co., 190 Conn. 245, 250; Chevette v. U-Haul Co. of New Mexico, 7 Conn. App. 617, 621. The courts can determine whether personal jurisdiction can be asserted against a foreign corporation as a result of section 33-411 (c) C.G.S. Wallenta v. Avis Rent-A-Car System, Inc., 10 Conn. App. 201,206, 207. In this case the plaintiff has not shown that the conduct of the defendant subjects it to jurisdiction under that statute or section 38-265. Accordingly, it is unnecessary to consider whether the defendant has sufficient minimum contacts with the State to meet the requirements of due process. United States Trust Co. v. Bohart, 197 Conn. 34,39.
In addition, service of the application was not made under section 33-411, and if it was attempted under that statute it was defective. The sheriff's return shows service on the Insurance Commissioner and not the Secretary of State as required by section 33-411 (c) for service on foreign corporations.
Since the defendant has not contracted to submit to arbitration in Connecticut and the plaintiff has not met his burden of proof that there is in personam jurisdiction over the defendant, the motion to dismiss is granted. CT Page 4477
ROBERT A. FULLER, JUDGE