[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
FACTS
The plaintiff, Harold Wylie, Jr., commenced this action against the defendant, Sapphire Beach Resort and Marina, to recover damages for personal injuries he allegedly sustained while he was vacationing at the defendant's resort in St. Thomas, U.S. Virgin Islands. The one count complaint alleges that while the plaintiff was a guest at the defendant's hotel from February 25, 1994 to March 5, 1994, he became ill and suffered injuries after eating dinner at the Sea Grape Restaurant, which is owned and operated by the defendant. The plaintiff claims that his injuries were caused by the defendant's negligent food preparation and inspection. The plaintiff also alleges that the defendant is subject to suit in Connecticut under General Statutes Sec. 33-411 (c), the foreign corporation long-arm statute. The defendant now moves to dismiss this action on the grounds that this court lacks personal jurisdiction.
In support of its motion to dismiss, the defendant filed a memorandum of law and the affidavit of Lisa Novy Wikowski, the defendant's director of marketing. The affidavit attests that in 1994, 728 Connecticut residents stayed at Sapphire Beach; that Sapphire Beach has placed a total of three advertisements in the Hartford Courant, one on September 20, 1993, another on February 7, 1994, and one on September 11, 1994; that Sapphire Beach has received bookings from a total of sixty-six Connecticut travel agents in the past two years; and that Sapphire Beach has no officers, agents, representatives or conducts any business of any kind in Connecticut.
In opposition to this motion, the plaintiff submitted a CT Page 9715 memorandum of law. The plaintiff did not submit any counter-affidavits and did not request the evidentiary hearing that is required when issues of fact are necessary to the determination of a court's jurisdiction. See Standard Tallow Corporation v.Jowdy, 190 Conn. 48, 56, 459 A.2d 503 (1983). Instead, the plaintiff argues in his memorandum that the facts contained in the defendant's affidavit support his contention that this court has personal jurisdiction over the defendant. Since the plaintiff relies on the defendant's affidavit and has not submitted any further evidence to assist the court in determining this jurisdictional question, the court concludes that there are no issues of fact and, thus, due process does not mandate an evidentiary hearing. The sole question before the court, therefore, is whether the facts attested to in the defendant's affidavit are sufficient to support a determination that this court has personal jurisdiction over the defendant.
Lack of personal jurisdiction is properly raised by a motion to dismiss. Chrysler Credit Corp. v. Fairfield Chrysler-Plymouth,Inc., 180 Conn. 223, 226, 429 A.2d 478 (1980). When jurisdiction is asserted on the basis of the long-arm statutes, and the defendant challenges jurisdiction by a motion to dismiss, the burden of proof is on the plaintiff to present evidence that will establish jurisdiction. Standard Tallow Corp.v. Jowdy, supra, 190 Conn. 48, 54, 459 A.2d 503 (1983). The court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light.Vitale Fireworks Company, Inc. v. Mantsuna, 12 Conn. L. Rptr 579 (October 31, 1994) (Pickett, J.). A motion to dismiss will be denied where a plaintiff is able to make a prima facie showing that defendant's conduct was sufficient for a court to exercise personal jurisdiction. In re Connecticut Asbestos litigation,677 F. Sup. 70, 72 (D. Conn. 1986).
In support of its motion, the defendant argues that this court may not assert jurisdiction over it under the long-arm statute. The defendant claims that Sec. 33-411(c)(2) requires a direct link between a foreign corporation's solicitation in this state and the plaintiff's cause of action. The defendant argues that the plaintiff has not pleaded or produced evidence demonstrating such a connection. The defendant also argues that the plaintiff has failed to demonstrate how his cause of action "arises out of" business solicited in this state. Finally, the defendant argues that even if this court has jurisdiction CT Page 9716 under the long-arm statute, the exercise of such jurisdiction would offend federal constitutional due process requirements.
In opposition to this motion, the plaintiff argues that Sec. 33-411(c) does not require a causal connection between the business solicited in this state and the plaintiff's cause of action. Instead, the plaintiff contends that the defendant's advertising in Connecticut constitutes repeated solicitation sufficient for this court to assert jurisdiction over the defendant. Furthermore, the plaintiff contends that the defendant has sufficient contacts with this state to satisfy due process requirements.
Analysis of a procedural challenge to personal jurisdiction over a foreign corporation is a two-step process. Frazer v.McGowan, 198 Conn. 243, 246, 502 A.2d 905 (1986); see also UnitedStates Trust Co. v. Bohart, 197 Conn. 34, 38-39, 495 A.2d 1034
(1985); Lombard Brothers, Inc. v. General Asset Management Co.,190 Conn. 245, 250, 460 A.2d 481 (1983); Gaudio v. Gaudio,23 Conn. App. 287, 298-300, 580 A.2d 1212, cert. denied, 217 Conn. 803,584 A.2d 471 (1990); Hill v. W.R. Grace Co., 42 Conn. Sup. 25,28, 598 A.2d 1107 4 Conn.. L.. Rptr. 495 (1991) (Licari, J.). The court must first inquire whether, under the facts of the case, the state's long-arm statute may be asserted as a basis for jurisdiction over the defendant. Frazer v. McGowan, supra, 198 Conn. 246; LombardBrothers, Inc. v. General Asset Management Co., supra, 190 Conn. 250. Once jurisdiction has attached under the long-arm statute, the court must then determine whether the exercise of jurisdiction satisfies the federal constitutional requirements of due process.Frazer v. McGowan, supra, 198 Conn. 246.
Under Sec. 33-411 (c), a suit may be brought against a foreign corporation, "whether or not such foreign corporation is transacting business in this state . . . on any cause of action arising . . . (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state." This subsection, as opposed to Sec. 33-411 (b), "confers jurisdiction over designated causes of action without regard to whether a foreign corporation transacts business in Connecticut and without regard to a causal connection between the plaintiff's cause of action and the defendant's presence in this state. [The language of Sec. 33-411 (c) requires] inquiry not only into the various elements of the plaintiff's cause of CT Page 9717 action . . . but also into the totality of contacts which the defendant may have with the forum." Lombard Bros., Inc. v.General Asset Management Co., supra, 190 Conn. 253-54; Frazer v.McGowan, supra, 198 Conn. 248. "under [Sec. 33-411 (c)], consistent with the constitutional demands of due process, it is the totality of the defendant's conduct and connection with the state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here." (Citations and internal quotation marks omitted.) Frazer v. McGowan, supra, 249.
The Connecticut Supreme Court recently addressed the requirements for assertion of personal jurisdiction over a foreign corporation under Sec. 33-411 (c)(2) in Thomason v. Chemical Bank, 234 Conn. 281. Contrary to the defendant's assertion, the court held that this statute "does not entirely preclude the exercise of `general' jurisdiction and that the phrase `arising out of' in the statute . . . does not require a causal connection between the defendant's forum-oriented activities and the plaintiff's lawsuit." Id., 290. The court interpreted Sec. 33-411 (c)(2) as not requiring a showing of a causal connection, as the federal constitutional test for "specific" jurisdiction requires, because "the statute does not demand proof that a particular plaintiff's business was solicited in Connecticut." Id., 296. Since the Sec. 33-411 (c)(2) requires proof "that a particular cause of action is similar to a cause of action that could have been brought here by a person whose business the defendant did solicit, the statute is more restrictive than the federal test for general jurisdiction, under which this state could have elected to exercise jurisdiction over causes of action wholly unrelated to the defendant's conduct in this forum." Id., 296-97.
In Thomason, the court concluded that "[f]or purposes of Sec. 33-411 (c)(2), a plaintiff's `cause of action aris[es] . . . out of . . . business in this state' if, at the time the defendant engaged in solicitation in Connecticut, it was reasonably foreseeable that, as a result of that solicitation, the defendant could be sued in Connecticut by a solicited person on a cause of action similar to that now being brought by the plaintiffs." Id., 296. "A plaintiff need only demonstrate that the defendant could reasonably have anticipated being haled into court here by some person who had been solicited in Connecticut and that the plaintiff's cause of action is not materially different from an action that might result from that CT Page 9718 solicitation." (Emphasis in original.) Id.
Applying this analysis to the undisputed facts of this case, the statute and constitution do not permit the exercise of jurisdiction over this defendant. The undisputed facts, as set forth in the defendant's affidavit, do not satisfy the statutory requirement that the cause of action "arise[s] . . . out of . . . business solicited in this state. . . ." The only evidence of business solicited in this state is that the defendant placed a total of three advertisements in the Hartford Courant from September 1993 to September 1994. Neither party submitted the contents of these advertisements, although they presumably sought Connecticut residents to stay at the defendant's resort. The court cannot say, however, that the defendant could reasonably have anticipated being haled into this court by some person who had been solicited in Connecticut by one of these advertisements. Furthermore, the court cannot conclude, based on the facts presently before it, that the plaintiff's negligence action is not materially different from an action that might have resulted directly from the Hartford Courant advertisements. The plaintiff has not met its burden of showing that, as a result of the three Hartford Courant advertisements, it was reasonably foreseeable that the defendant could be sued here by a solicited person on a cause of action similar to the plaintiff's action.
Furthermore, the court is not convinced that the defendant "repeatedly so solicited business" in this state. The plaintiff relies on McFaddin v. National Executive Search, Inc.,354 F. Sup. 1167 (D.Conn. 1973), but in that case the defendant placed six advertisements over a six month period in a newspapers with Connecticut circulations. Here, the defendant placed three advertisements in a Connecticut newspaper over a one year period. This court is not prepared to accept the plaintiff's assertion that placing more than one advertisement in a Connecticut newspaper is sufficiently repetitious solicitation under Sec. 33-411 (c)(2). Moreover, inThomason v. Chemical Bank, supra, the court based its determination that the trustee bank "repeatedly so solicited business" in this state on the defendant's numerous advertisements in newspapers and magazines; its substantial number of mortgage transactions in Connecticut; and its large credit card business in Connecticut. Thomason v. Chemical Bank,
supra, 298. Additionally, the court concluded that the defendant's activities could be characterized as an CT Page 9719 "organizational network that is likely to prompt a significant number of Connecticut" residents to place business with the bank. Id., citing Frazer v. McGowan, supra, 198 Conn. 251-52.
In the present case, the plaintiff presented no evidence of such an "organizational network." While the plaintiff claims in his memorandum of law that the defendant established such an organizational network by supplying travel agencies with brochures, he submitted no evidence of any such activities. Instead, the plaintiff chose to rely on the defendant's affidavit, even though he bears the burden to establish jurisdiction under our long-arm statute. Finally, the court is not convinced that bookings from sixty-six Connecticut travel agents in the past two years demonstrates repeated business solicitation in this state. There simply is no evidence for the court to conclude under what circumstances these bookings were made and therefore whether they constitute repeated business solicitation under Sec. 33-411 (c)(2). Viewing the totality of the defendant's contacts and connections with this state, this court is not convinced that the defendant reasonably could anticipate being haled into court here.
Even if this court were to conclude that there was an "adequate connection" between the defendant's act of solicitation and the plaintiff's cause of action to satisfy Sec. 33-411 (c) (2)'s requirements; Thomason v. Chemical Bank, supra, 299;Frazer v. McGowan, supra, 198 Conn. 252; this court is not convinced that the exercise of jurisdiction would comport with principles of due process. Instead, based on the record before the court, the exercise of general jurisdiction is not constitutionally permitted.
Due process requirements are satisfied when personal jurisdiction is asserted over a foreign corporation that has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v.Washington, 326 U.S. 310, 316, 90 L.Ed. 95, 66 S.Ct. 154 (1945). "Even when a cause of action does not arise out of or relate to th the foreign corporation's activities in the forum State, due process is not offended by a State's subjecting the corporation to its in personam jurisdiction when there are sufficient contacts between the State and the foreign corporation."Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414,80 L.Ed.2d 404, 104 S.Ct 1868 (1984). In this case, the plaintiff CT Page 9720 has not established that such sufficient contacts exist.
The only evidence of the defendant's contacts with this state are three newspaper advertisements over a one year period, approximately seven hundred Connecticut residents who vacationed at the defendant resort in 1994 and sixty-six Connecticut travel agents who booked the defendant resort over the last two years. These activities do not show that the defendant "has been carrying on in [Connecticut] a continuous and systematic, but limited, part of its general business." Thomasonv. Chemical Bank, supra, 234 Conn. 300; Perkins v. BenguetConsolidated Mining Co., 342 U.S. 437, 438, 72 S.Ct. 413,96 L.Ed. 485 (1952). In cases where courts have exercised general jurisdiction over foreign corporations based on this standard, the corporation's contacts with the forum state were much more substantial than this defendant's contacts with Connecticut. For example in Thomason, the defendant conducted a substantial credit card business in Connecticut, regularly solicited general business in this state and held title as a mortgagee to property here. Thomason v. Chemical Bank, supra. Also, inPerkins the president and general manager of the defendant corporation maintained an office in the forum state, kept company files there, carried on correspondence related to business there, distributed salary checks drawn on banks from the forum state, and conducted transactions with banks from the forum state.Perkins v. Benguet Consolidated Mining Co., supra, 342 U.S. 438. Unlike these cases, the evidence of the defendant's activities in this state fails to establish that it carried on a "continuous and systematic, but limited, part of its general business" here, and therefore the exercise of general jurisdiction would not be "reasonable and just." Thomason v. Chemical Bank, supra, 300; see Helicopetros Nacionales de Colombia v. Hall, supra,466 U.S. 415-19.
For these reasons, the defendant's motion to dismiss is granted.