[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
FACTS
This is an action for personal injuries filed by the plaintiff, Jeffrey Morrow, a Connecticut resident, against the defendant, Killington, Ltd., a corporation existing and doing business in the State of Vermont. The plaintiff alleges that the defendant solicited business in the State of Connecticut and as a result the plaintiff was enticed to engage in activities at the defendant's ski area which is located in Vermont; that on December 9, 1992 while he was engaged in such activities at such ski area he sustained injuries in preparing to board a chair lift; and that the accident was a result of the defendant's negligence.
On January 16, 1995, the defendant filed this timely motion to dismiss on the ground that this court lacks jurisdiction to even under the Connecticut Long Arm Statute, General Statutes § 33-411(c) 2.
-I-
The defendant claims that pursuant to General Statutes § 33-411(c)(2) the plaintiff must prove that his injuries are directly connected to a specific solicitation by the defendant. Secondly, the defendant argues that Connecticut Courts require that there be a direct link between the solicitation by the defendant and the cause of action. The defendant argues that the plaintiff's negligence claim does not arise out of the defendant's solicitation of his business in Connecticut.
In response, the plaintiff argues that the defendant took affirmative measures designed to attract Connecticut skiers to its area by direct mail, billboards, radio and other forms of advertising. Secondly, the plaintiff argues that the defendant's contacts with Connecticut were sufficient to satisfy the requirements of due process. Additionally, the plaintiff argues that because the defendant is located so close to Connecticut, defending a lawsuit in this state would not impose an undue burden on the defendant.
-II- CT Page 9536
General Statutes § 33-411(c)(2) states that:
 Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in the state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: . . . (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state . . .
In the recent case of Thomason v Chemical Bank, 234 Conn. 281
(1995) the Supreme Court analyzed § 33-411(c) 2 at great length concluding that while this statute did not require that the cause of action and the contacts be causally connected the test was reasonable foreseeability of an action being brought in this state.
 The words "arising out of" therefore must be interpreted in a manner that reconciles the legislative decision to impose some limits on constitutionally permitted jurisdiction with its decision not to require a causal connection between the defendant's solicitation here and the plaintiffs' lawsuit. Our interpretation is as follows. For purposes of § 33-411(c)(2), a plaintiff's "cause of action aris[es] . . . out of . . . business solicited in this state" if, at the time the defendant engaged in solicitation in Connecticut, it was reasonably foreseeable that, as a result of that solicitation, the defendant could be sued in Connecticut by a solicited person on a cause of action similar to that now being brought by the plaintiffs. id p. 296
CT Page 9537
There is no claim that such solicitation was in itself tortious. The plaintiff has not provided any additional information, either by way of allegation or affidavit, which would indicate that he was partiulary [particularly] solicited or that defendant engaged in repetitive acts of solicitation.
We do not consider that a ski slope operator in Vermont who solicits business in Connecticut can reasonably forsee as a result of its solicitations that it could be sued in Connecticut by one solicited as a member of the general public who thereafter becomes involved in an accident on its ski slope..
The contract cases cited by plaintiff are inapposite because in each of those cases there was some aspect of the contract that could be said to have taken place in Connecticut.
In general our courts have held that the law of the state where the tort is committed will control unless such law is in violation of the public policy of our state. See Wright, Fitzgerald and Ankerman, Connecticut Law of Torts 3rd Ed (Atlantic) p. 550. A long line of federal decisions has held that § 33-411(c)(2) did not confer jurisdiction on Connecticut courts in cases where a Connecticut plaintiff was injured by an alleged act of negligence taking place outside the state. They are summarized in a U.S. District of Connecticut decision by Judge Nevas. Dauplaise v Holiday Inns, Inc., et al Civ. No. 2:91 CV0093 (AHN) (February 20, 1992.)
In this case we find insufficient connection and foreseeability between the solicitation alleged to have taken place in Connecticut and the negligent operation of the ski lift in Vermont to justify the application of General Statutes § 33-411(c)(2).
Motion to Dismiss granted.