[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT YANKEE CANDLE SHOP'S MOTION TO DISMISS
On February 7, 1995, the plaintiffs, Theodore and Evelyn Pomichter (plaintiffs), filed a four count amended complaint against the defendants, Yankee Candle Shop (Yankee Candle) and Faneuil Hall Marketplace, alleging claims of negligence and loss of consortium as to each defendant. CT Page 14101
The defendants allege in their amended complaint that on January 14, 1994, Theodore Pomichter traveled to Massachusetts to sight see and shop at Yankee Candle. While there, he was injured as a result of falling down a stairway. The plaintiffs claim in counts one and two that the injury suffered by Theodore Pomichter was caused by the negligence of Yankee Candle in that it maintained a hazardous stairway, that the stairway was slippery, and that it failed to give adequate warning to individuals such as the plaintiff.
Before the court is a motion by Yankee Candle to dismiss based on lack of personal jurisdiction supported by a memorandum of law. The plaintiffs have filed two memoranda of law in opposition to the motion to dismiss. The court heard argument on the motion to dismiss on November 6, 1995. No affidavits have been filed or any evidence offered by either party.
"Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss." (Footnote omitted.) Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53,459 A.2d 503 (1983). "In determining whether to assert jurisdiction over a foreign corporation, a trial court must engage in a two-part inquiry. It must first decide whether, under the facts of the case, our long-arm statute authorizes the exercise of jurisdiction. It must then decide whether the assertion of jurisdiction would offend due process. " Chevette v. U-Haul Co.of New Mexico, 7 Conn. App. 617, 621, 510 A.2d 206 (1986). "[I]n the establishment of facts pertaining to personal jurisdiction, it is the plaintiff who bears the burden of proof." LombardBros., Inc. v. General Asset Management Co., 190 Conn. 245, 250,460 A.2d 481 (1983).
Yankee Candle argues that the plaintiffs have not met their burden of establishing facts sufficient to show (1) that Connecticut long-arm statute § 33-411(c)(2) authorizes the exercise of personal jurisdiction over Yankee Candle, and (2) that Yankee Candle has the requisite minimum contacts with Connecticut so as to satisfy due process. Specifically, Yankee Candle argues that the plaintiffs have presented no evidence that Yankee Candle solicited business in Connecticut, and that even if it did solicit business in Connecticut, the Pomichters have failed to establish the necessary nexus between the solicitation and the cause of action. CT Page 14102
In opposition, the plaintiffs argue that General Statutes § 33-411(c)(2) authorizes the exercise of personal jurisdiction over Yankee Candle. Specifically, they argue that Yankee Candle has repeatedly solicited business in Connecticut and that the injuries and damages were the direct result of the solicitation. The plaintiffs also argue that sufficient contacts between Yankee Candle and Connecticut exist so as to satisfy due process requirements.
In considering the defendants' motion to dismiss this court must engage in a two-part inquiry.
 "Its first obligation was to decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the hospital. If the statutory requirements were met, its second obligation was then to decide whether the exercise of jurisdiction over the hospital would violate constitutional principles of due process. United States Trust Co. v. Bohart, 197 Conn. 34, 38-39, 495 A.2d 1034 (1985); Lombard Bros., Inc. v. General Asset Management Co., 190 Conn. 245, 250, 460 A.2d 481 (1983); Zartolas v. Nisenfeld, 184 Conn. 471, 473-78, 440 A.2d 179 (1981).
Tod W. Frazer III et al. v. John McGowan et al, 198 Conn. 243, 246 (1986).
General Statutes § 33-411(c)(2) states in pertinent part that "[e]very foreign corporation shall be subject to suit in this state, by a resident of this state . . . whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising . . . out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the order or offers relating thereto were accepted within or without the state."
In the present case the plaintiffs have the burden of establishing facts sufficient to show that (1) their cause of action "arise[es] . . . out of" business solicited in Connecticut, and (2) that Yankee Candle repeatedly has so solicited business. See Thomason v. Chemical Bank, 234 Conn. 281,297, ___ A.2d ___ (1995).
As indicated above the plaintiffs have offered no evidence, as they should have, in order to satisfy their burden of proof. CT Page 14103 However, during oral argument, the defendant conceded that it solicits business from Connecticut by way of television and newspaper advertising in the Hartford area, and that the purpose of the advertising is to cause people from Connecticut to come to the place of business in Massachusetts. It was as a result of this solicitation that the plaintiffs went to the defendant's place of business in Massachusetts where the aforementioned fall occurred. The court is of the opinion that these facts are sufficient to satisfy the Connecticut long-arm statute.
Having concluded that the Connecticut statute has been satisfied the court must then determine whether requiring the defendant to defend this case in Connecticut would violate due process.
 "Once it is determined that there is an adequate connection between the hospital's act of solicitation and the plaintiff's cause of action to satisfy the requirements of § 33-519(c)(2), the long-arm statute authorizes the exercise of jurisdiction if such an exercise comports with the principles of due process. The United States constitution allows state courts to assert jurisdiction over nonresident defendants only when minimum contacts exist between the defendant and the forum state. The nature of these contacts must be such that requiring the defendant to defend in the forum state does not offend `traditional notions of fair play and substantial justice.' World-Wide Volkswagen Corporation v. Woodson, supra, 292; International Shoe Co. v. Washington, supra; Milliken v. Meyer, 311 U.S. 457, 463, 62 S.Ct. 339, 85 L.Ed. 278
(1940)."
Frazer v. McGowan, supra, at 252.
Upon an analysis of the facts in this case, the court is of the opinion that the defendants' contacts with this state are insufficient to satisfy the requirements of due process. All that the defendant did was to advertise its business in Connecticut and thereby attempt to attract as much business from Connecticut as it could. A comparison of these facts with the facts as set forth in the various cases wherein the contacts were found sufficient to satisfy due process demonstrates why the facts in this case are insufficient. See Frazer v. McGowan, supra;Thomason v. Chemical Bank, 234 Conn. 281. For cases in which facts similar to those in this case were found to be insufficient to satisfy due process see Morrow v. Killington, Ltd., Superior CT Page 14104 Court, Judicial District of Hartford Docket No. 544342 (August 18, 1995, Wagner, J., 15 Conn. L. Rptr. 208); Wylie v. SapphireBeach Resort and Marina, Superior Court, Judicial District of Litchfield Docket No. 067304 (August 4, 1995, Pickett, J.,15 Conn. L. Rptr. 188).
The court finds, based on the totality of the circumstances, that for the Connecticut courts to exercise jurisdiction over the defendant Yankee Candle Shop would violate constitutional due process.
The motion to dismiss is granted.
Hadden, J.