[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR PROTECTIVE ORDER NO.179 OBJECTION TO MOTION TO EXTEND TIME NO. 180
The plaintiff, Label Systems Corp. (Label Systems), has moved for a protective order in regard to a notice of deposition issued by the defendants, Samad Aghamohammadi and Pamela Markham. The plaintiff argues that the notice of deposition requests documents regarding the defendants claim that the plaintiff is the alter ego of RPM, Inc. (RPM) and that such status is not an issue until the motion to dismiss filed by RPM is ruled on. Rpm has filed a motion to dismiss the defendants' third party complaint on the ground of lack of personal jurisdiction. The plaintiff objects to the defendants' motion to extend time to respond to the motion to dismiss to conduct discovery on the ground that the defendants discovery seeks to reach the merits rather than jurisdictional issues.
The defendants have alleged that Label Systems is the "alter ego" of RPM, and therefore, the court can pierce the corporate veil. Furthermore, RPM discusses this issue in its memorandum in support of its motion to dismiss. Therefore, it would appear that facts regarding the relationship of Label Systems and RPM are relevant to the jurisdiction of the court, not just the merits of the case.
"A court must have jurisdiction to determine its own jurisdiction, especially where, as here, the defendants have by their appearance put that question into issue. . . . The court may even apply sanctions for failure to obey a discovery order intended to establish or refute jurisdiction." (Citation omitted; internal quotation marks omitted.) Chevette v. New Mexico U-HaulCo., 7 Conn. App. 617, 622, 510 A.2d 206 (1986). "Although [Practice Book] § 218 speaks in terms of `any civil action' and of `the prosecution or defense of the action,' it is clear that discovery may be had to establish facts pertaining to personal jurisdiction." Standard Tallow Corp. v. Jowdy,190 Conn. 48, 57, 459 A.2d 503 (1983); see also Chrysler Credit Corp. v.Fairfield Chrysler-Plymouth, 180 Conn. 223, 227, 429 A.2d 478
(1980).
Therefore the defendants should be allowed to discover documents regarding the relationship between Label Systems and RPM in order to determine whether the court may have jurisdiction over RPM by piercing the corporate veil.
Accordingly the plaintiff's motion for a protective order is denied and the plaintiff's objection to the motion to extend time CT Page 3844 is overruled.
DAVID W. SKOLNICK, JUDGE